FILED
2024 Mar-07  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TIAJUANA TAWANNA LAVETTE ELLINGTON, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 5:24-cv-00261-CLS |
| DONALD J. TRUMP, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

*Pro se* plaintiff Tiajuana Tawanna Lavette Ellington filed this action on March 4, 2024, against defendants Donald J. Trump, Floyd Mayweather, Rickey Smiley, the Sargent [*sic*] General of the United Army, the Sargent [*sic*] General of New York, the State of Georgia, and the State [*sic*] of Birmingham.  Doc. no. 1.  Plaintiff also filed a motion to proceed *in forma pauperis.*  Doc. no. 2.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1). That provision permits the court to authorize the commencement of a suit without prepayment of fees upon the party's submission of an affidavit, including a statement of all assets, in support of the party's inability to pay the required fee.  Plaintiff has submitted such an affidavit, substantiating her inability to pay.  Accordingly, the court finds that the motion is due to be granted.

Even so, a case in which the court permits a plaintiff to proceed without prepayment of fees still must be dismissed if the court determines that the action is "frivolous or malicious," or that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Therefore, the court is obligated to review the present complaint with those standards in mind.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint was handwritten on a form provided by the Clerk to assist *pro se* plaintiffs when commencing a civil action.[1] That form requires a plaintiff to provide a short and plain statement of each claim, briefly stating the facts and how each defendant was involved, and what each defendant did that caused the plaintiff harm or violated her rights. Plaintiff's complaint appears to allege defendants Trump, Mayweather, and Smiley violated the federal and constitutional rights of herself and her children by placing "bugs"[2] in their ears and transmitting the garnered information via radio.[3] Plaintiff also references other incomprehensible matters, such as "the key to [her] own city" and "the matter of [her] sickness."[4] Plaintiff cites "Constitutional or Federal Question," "USA Defendant," and "Diversity of Citizenship" as bases of

---

[1] Doc. no. 1 (Complaint for a Civil Case).

[2] In context, the term "bug" likely denotes an electronic device used to monitor or record conversations.

[3] Doc. no. 1 (Complaint for a Civil Case), at 5.

[4] *Id.* at 5, 7.

the court's jurisdiction.[5] Plaintiff seeks 52 million dollars in damages from Donald Trump, as well as an additional 52 million dollars for injuries to her children.[6] Elsewhere in the complaint, plaintiff seeks seven million dollars from Floyd Mayweather.[7]

## II. DISCUSSION

The court liberally construes *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The court may not, however, "serve as *de facto* counsel for a party, or [ ] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (alteration supplied) (internal citations omitted).

### A.   Plaintiff's Claims Are Frivolous.

"A lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor of the State of Florida*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 24, 32-33 (1992)). As described above, plaintiff alleges the former President of the United States and two private parties utilized "bugs" in her and her children's ears, ostensibly violating her right to privacy and bodily integrity. However, such claims

---

[5] *Id.* at 3.
[6] *Id.* at 4.
[7] *Id.* at 5.

3

epitomize the "fanciful, fantastic, irrational, and/or delusional," and render the complaint facially implausible. Because plaintiff does not lodge conceivable, or even comprehensible, allegations, her claims warrant dismissal on this basis alone.

**B.  Plaintiff's Claim Against the State of Georgia is Barred by the Eleventh Amendment.**

The Eleventh Amendment prohibits plaintiff from bringing suit against a state in federal court. *See* U.S. Const. amend. XI ("The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Interpreting the Eleventh Amendment, the Supreme Court in *Hans v. Louisiana* held sovereign immunity bars private damage actions against states in federal court absent the state's consent. 134 U.S. 1 (1890). Because no evidence suggests the state of Georgia consented to the present suit, plaintiff cannot name the state of Georgia as a defendant.[8]

**C.  Plaintiff's Complaint Fails to State a Claim Upon Which Relief May be Granted.**

Finally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss plaintiff's

---

[8] Although plaintiff lists the state of Georgia as a defendant in the caption of her complaint, the body of the complaint does not clearly lodge any specific allegation against it. *See* doc. no. 1 at 5,6 ("Abusse [*sic*] of civil rights trew [*sic*] conversations body, & life with the state of Alabama [dealing] with the key to my own city with the state of Alabama agenst [*sic*] the state of Washington, DC, New York City, Las Vages [*sic*], & state of Alabama *Gorgea* [*sic*]!"; "The Defendant name Rickey Smiley *state Goerga* [*sic*] state Birmingham") (alterations and emphasis supplied).

complaint for failure to state a claim upon which relief may be granted. While Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law" and "operat[es] on the assumption that the factual allegations in the complaint are true," § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). That is, dismissal under Rule 12(b)(6) and § 1915 are overlapping but distinct courses of action.

As an initial matter, plaintiff does not mention the "Sargent [*sic*] General of the United Army," the "Sargent [*sic*] General of New York," or the "State [*sic*] of Birmingham" in the body of the complaint; those entities appear only in an introductory section naming the parties.[9] Although the court extends significant latitude to *pro se* parties, the complaint in this case "consists merely of general conclusions of constitutional violations and fails, for the most part, to identify factual allegations material to specific counts asserted against the named defendants with respect to any violations of Plaintiff's constitutional rights." *Mayo v. Bentley*, No. 2:11-CV-392-ID, 2011 WL 3625365, at *1 (M.D. Ala. July 7, 2011); *see id.* ("[T]he

---

[9] Doc. no. 1 at 2-3.

amended complaint against the remaining named defendants is due to be dismissed [pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii)] because other than naming the remaining defendants in the caption of his amended complaint, Plaintiff makes no specific allegations against them nor does he indicate that they were personally involved in the constitutional violations about which he complains.") (alteration supplied). Accordingly, plaintiff's claims against those defendants are due to be dismissed.

As stated above, plaintiff's factual allegations against defendants Donald Trump, Floyd Mayweather, and Rickey Smiley, contained in the body of the complaint, are clearly baseless, and fail to state a claim upon which relief may be granted. Therefore, plaintiff's claims against them are due to be dismissed on this ground as well.

A separate final judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 7th day of March, 2024.

_____
Senior United States District Judge